IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| v. | * | |
| WILLIAM RASHEEM JAMAL RICH, | * | Criminal No. 21-0432-BAH |
| Defendant. | * | |
|  | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## **MEMORANDUM OPINION**

At the pretrial conference on June 11, 2024, the Government notified me that, should Mr. Rich testify at trial "and assert that he is wheelchair-bound," the Government intends to question Mr. Rich regarding a domestic violence incident involving Mr. Rich and his ex-wife for impeachment purposes. *See* ECF 106. Defense counsel orally opposed. I directed the Government to file a motion seeking to introduce this evidence. *Id.* The Government sent to chambers and to Defense counsel a letter regarding its intent to question Mr. Rich about the domestic violence incident. Mr. Rich filed a letter in opposition. ECF 112. For the reasons below, the Government will not be permitted to question Mr. Rich about the alleged domestic violence incident in 2016.

The Defense argues that the Government should not be permitted to question Mr. Rich about the alleged 2016 domestic violence incident because evidence regarding the incident would be unfairly prejudicial under Rule 403.[1] *See* ECF 112, at 2; Fed. R. Evid. 403. I agree with the Defense that the risk of undue prejudice posed by this evidence outweighs its probative value.

---

[1] The Defense also argues that this evidence is inadmissible under Rule 404(b), which deals exclusively with the prohibition on character evidence with respect to the introduction of evidence of prior bad acts and crimes. ECF 112, at 1; Fed. R. Evid. 404(b). It does not appear that the Government is seeking to introduce character evidence through questioning relating to the 2016

First, it is worth noting that this evidence is clearly relevant. Federal Rule of Evidence 401 provides that evidence is relevant if it "has a tendency to make a fact more or less probable than it would be without the evidence" and that "fact is of consequence in determining" the case at hand. According to the Government, the domestic violence police report suggests that Mr. Rich "grabbed [his ex wife] by the neck and drug her across the floor by her hair." Letter from Government Counsel (June 12, 2024). Such an exertion of physical force is clearly inconsistent with a claim of paralysis like that made by Mr. Rich. Thus, this evidence is relevant.

But while relevant evidence is generally admissible, Federal Rule of Evidence 403 provides that a court "may exclude relevant evidence if its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." The probative value of this evidence is reduced by its cumulative nature. "[W]hat counts as the Rule 403 'probative value' of an item of evidence, as distinct from its Rule 401 'relevance,' may be calculated by comparing evidentiary alternatives." *Old Chief v. United States*, 519 U.S. 172, 184 (1997). As the Government has described its case against Mr. Rich, it has ample other means by which to demonstrate that Mr. Rich's paralysis was not as severe as it was claimed, including witness testimony and video documentation. As such, the probative value of questioning Mr. Rich about a single additional instance in which he allegedly was able to walk and exert physical force is not particularly probative. *Cf. United States v. King*, 713 F.2d 627, 631 (11th Cir.1983) ("[T]he more essential the evidence, the greater its probative value, and the less likely that a trial court should order the evidence excluded.").

---

domestic violence incident; rather, it is seeking to introduce this evidence to dispute Mr. Rich's claim that he was unable to walk at that time. Thus, Rule 404(b) is not implicated.

Furthermore, it is well accepted that evidence regarding domestic violence can be quite prejudicial. *See, e.g., United States v. Lentz*, 383 F.3d 191, 220 (4th Cir. 2004) (finding no error in district court's decision to exclude evidence relating to domestic violence as unduly prejudicial). And while courts do sometimes allow such evidence to come in over objections on the grounds of prejudice, they do so only when the evidence proves probative, such as when the domestic violence was a precursor to the ultimate crime or established a pattern of conduct which relates to the charged crime. *See United States v. Dietz*, 443 F. App'x 781, 790–91 (4th Cir. 2011) (explaining that testimony about domestic violence was not unfairly prejudicial when the testimony was "directly probative" to the means by which the defendant enacted the charged crime of kidnapping and carjacking); *United States v. Carroll*, 113 F.3d 1232, at *2 (4th Cir. 1997) ("Although we recognize that evidence showing that a defendant beat his wife has the potential to adversely affect the jury's view of the defendant, the defendant's domestic violence here was closely tied to the conduct for which he was on trial, and was probative of his intent . . . ."). Here, there is no relationship between Mr. Rich's charged crimes of wire fraud and theft of government property and the domestic violence incident. As such, the potential undue prejudicial value of this evidence substantially outweighs its probative value, and it will not be permitted at trial.

I.      **CONCLUSION**

For the foregoing reasons, the Government's will not be permitted to introduce evidence relating to the alleged domestic violence incident involving Mr. Rich in 2016 at trial.


Dated: June 14, 2024                                           /s/
                                                     Brendan A. Hurson
                                                     United States District Judge